## GOOCH et al. v. PHILLIPS.

No. 4381. Opinion Filed April 27, 1915.

(148 Pac. 135.)

**MORTGAGES—Deed Given as Mortgage—Subsequent Purchasers— —Rights—Redemption.** To secure the payment of money, Phillips gave a deed to Gooch. Gooch executed deeds to Hamilton and Smith, who were chargeable with notice of Phillips' claims. Held, that the conveyances to Hamilton and Smith operated only as an assignment of the rights of Gooch as mortgagee, to which they were subrogated, and that, upon payment of the sum due, Phillips was entitled to redeem the property.

(Syllabus by Bleakmore, C.)

*Error from District Court, Seminole County;*

*Tom D. McKeown, Judge.*

Action by Bessie Phillips against H. B. Gooch and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Warren & Miller,* for plaintiffs in error.

*Davis & Davis* and *J. A. Baker,* for defendant in error.

BLEAKMORE, C. This action was commenced in the district court of Seminole county by the defendant in error, as the plaintiff, against the plaintiffs in error, as the defendants, to have a certain deed, purporting to be an absolute conveyance, declared to be a mortgage, and to set aside and cancel certain other deeds. The parties will be hereinafter referred to as they appeared in the trial court.

The case was tried to the court, and the following findings of fact, conclusions of law, and decree were made and rendered, which constitute a sufficient statement:

"First. The court finds that on the 30th day of July, 1908, the plaintiff, Bessie Phillips, borrowed from H. B. Gooch the sum of $220, for which she executed a real estate mortgage joined by her husband, Robert Blanton, upon the southwest quarter of the southwest quarter of section 21, township 8 north, range 8 east, in Seminole county, Okla., and that on the same day the plaintiff executed to H. B. Gooch an option deed for the consideration recited as $200 paid, and the further undertaking of H. B. Gooch to pay her the sum of $300 on or before the 3d day of November, 1908, covering the real estate described as being situate in state of Oklahoma and county of Hughes, being the southwest quarter of the southwest quarter of section 21, township 8 north, range 8 east, in which was a provision 'that if the said H. B. Gooch should fail to pay the sum named, within the time set forth, that this conveyance shall be void, and all rights and liabilities of each party thereunder shall cease.' Both of these instruments were filed for record in the office of the register of deeds of Seminole county on the 31st day of July, 1908, at 8 o'clock a. m., and duly recorded. * * *

"Fourth. That H. B. Gooch never paid to the plaintiff, on or about the 3d day of November, 1908, the sum of $300, the balance called for in the said option deed; and that, under the

provisions contained in said option deed, the same became void and of no effect, and all the rights and liabilities of the parties thereunder ceased.

"Fifth. That on the 26th day of December, 1908, H. B. Gooch, executed a warranty deed to Cordia Gooch, his wife, covering the west half of the southwest quarter of section 21, township 8 north, range 8 east, and other lands, in Seminole county, and placed the same on record on the 28th day of December, 1908.

"Sixth. That on the 31st day of December the plaintiff herein executed an instrument purporting to be a warranty deed, regular on its face, covering the west half of the southwest quarter of section 21, township 8, range 8, containing 80 acres, more or less. That the description of the land in this conveyance is defective. It is the contention of H. B. Gooch that it is what it purports to be—a warranty deed—and that he paid the sum of $100 to the plaintiff at the time the same was executed. However, he admits that the instrument describes 80 acres of land instead of 40 acres; the 40 acres of land in controversy being included with 40 acres of land previously purchased from the plaintiff. It is the contention of the plaintiff that the $100 was another loan, and that the instrument was executed as security for the $100. * * * The amount received by the plaintiff is not half of the estimated value of the land at that time, which was estimated to be worth $1,000. * * * After viewing all the facts and circumstances surrounding this transaction and observing how frequent and easily that the race of people, of which the plaintiff is a member, are prone to deny their solemn contracts, I am forced to the conclusion that the instrument executed is a mortgage, and not a conveyance of the land.

"Seventh. I find that on the 4th day of January, 1909, five days subsequent to the transaction on the 31st day of December, 1908, H. B. Gooch executed a quitclaim deed to Cordia Gooch, his wife, for the land in controversy.

"Eighth. The next question in this case that confronts the court for determination is the question as to whether or not W. J. Smith and C. M. Hamilton are innocent purchasers for a valuable consideration without notice. In determining this question, I find from the evidence that the tenant of the plaintiff remained in possession of the land in controversy until he was forced to

attorn to W. J. Smith, who purchased the land on the 19th day of June, 1909, and that the plaintiff continuously contested the right of W. J. Smith to claim the rents off of the premises.

"Ninth. I find that the record of the title to the land in controversy showed, at the time Hamilton and Smith purchased the land from Gooch, a real estate mortgage dated the 30th day of July, 1908, describing the land in controversy to secure the payment of $220; an option deed executed by Bessie Blanton, nee Morgan, and R. D. Blanton to H. B. Gooch, consideration $200, describing the land in controversy as being in Hughes county; a warranty deed dated December 26, 1908, from H. B. Gooch to Cordia Gooch, consideration $3,000, describing the land in controversy and other lands in Seminole county; a warranty deed from Bessie Blanton, nee Morgan, to Cordia Gooch, consideration $800, describing the land in controversy in connection with another tract containing 40 acres, dated 31st day of December, 1908; a quitclaim deed from H. B. Gooch to Cordia Gooch, dated January 4, 1909, covering the land in controversy, consideration $1, given for the purpose of releasing option deed from Bessie Blanton, nee Morgan, to H. B. Gooch. That there is an irregularity in the description in the warranty deed, dated 31st day of December, 1908, executed by Bessie Blanton, nee Morgan, to Cordia Gooch.

"Tenth. That W. J. Smith and C. M. Hamilton made no inquiries to ascertain the condition of title to this land. That by inquiring of the tenant of the plaintiff would have disclosed to them the fact that the plaintiff was asserting a claim into the land, and that he had made a rental contract with the plaintiff for the place. That C. M. Hamilton conveyed his interest in the land in controversy to W. J. Smith, and now has no interest in the same.

"Eleventh. That the estate of W. J. Smith has collected the rents on the land in controversy for the years 1909, 1910, and 1911, which aggregate, with 6 per cent. interest, the sum of $308.40. That the estate of W. J. Smith has expended in improvements upon the land in controversy during said period the sum of $150, which leaves an excess in the hands of the administrator of the sum of $158.40. That the total amount of the money received by the plaintiff, with the interest thereon to date, is $419. That the plaintiff is entitled to have this amount credited with $158.40, leaving a balance due from the plaintiff

to the defendants Oscar S. Penny, as the administrator of the estate of W. J. Smith, the sum of $260.60.

"I conclude that an instrument, though a deed, regular upon its face, may be shown by parol evidence to be in fact a mortgage; and, having found that the deed in this case is a mortgage in fact, I conclude that the plaintiff is entitled to extinguish the same by paymnet of the money received, with interest thereon, provided that C. M. Hamilton and W. J. Smith were not innocent purchasers of the land. I conclude that C. M. Hamilton and W. J. Smith are not in law innocent purchasers for valuable consideration without notice, and therefore cannot . be protected as against the equities of the plaintiff herein. * * *

"It is the judgment of the court that upon the payment of the plaintiff to Oscar S. Penny, administrator for the estate of W. J. Smith, deceased, of the sum of $260.60, with interest thereon at the rate of 10 per cent. from this date, the plaintiff be granted the relief prayed for within 60 days. To all of the foregoing the defendants except."

Of the errors assigned, defendant presents for our consideration the following:

"First. Was the deed of December 31, 1908, absolute in form, in fact a mortgage?

"Second. Did the purchasers from Gooch, W. J. Smith, and C. M. Hamilton have notice of any facts sufficient to put them on inquiry of the alleged claim of the plaintiff, the defendant in error herein?

"These are in substance the chief errors alleged in the petition in error and are reached by each assignment."

Under this head defendants strenuously urge that the evidence upon which the trial court based its findings and conclusions is insufficient to support the same, or warrant the rendition of the decree herein, in that it is not of that high and satisfactory character required to overcome the presumption arising from the terms of the instrument itself that it was intended to be, and was in fact an absolute conveyance of the lands herein described; and further that the evidence fails to show that defendants, Hamilton and W. J. Smith were not purchasers in good faith and without

notice. In reviewing the action of the court below in this regard, we have carefully read the entire record, and upon consideration of all the evidence, which is clear and convincing, are led irresistibly to the same conclusion reached by that court. The testimony is voluminous, and to set forth copious excerpts therefrom sustaining the action of the trial court would serve no useful purpose.

The court having correctly determined that the deed from plaintiff to Gooch was a mortgage and should be so treated and considered, Gooch could only have acquired title by the foreclosure thereof. This he did not do; and plaintiff could redeem the lands upon payment of the debt secured thereby. *Balduff v. Griswold,* 9 Okla. 438, 60 Pac. 223. Hamilton and Smith being held to be chargeable with notice of plaintiff's equity, the conveyances to them operated only as an assignment of the rights of defendants Gooch, as mortgagees. Such rights were determined by the decree; and Hamilton and the administrator of the Smith estate are subrogated thereto. In this the court was right. *Williams v. Purcell,* 45 Okla. —, 145 Pac. 1151.

No error appearing in the record, the judgment of the court below should be affirmed.

By the Court: It is so ordered.